UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE M. ABEIJON, on behalf of minor children PA and JA,

                Plaintiff,

-against-

USA PASSPORT OFFICE AGENCY,

                Defendant.

21-CV-5628 (LTS)

ORDER DIRECTING PAYMENT OF FEES
OR AMENDED IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff Jose M. Abeijon brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP") submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

        Plaintiff submitted an IFP application, and his answers seem to suggest that he has sufficient assets to pay the fees. In question 2, Plaintiff checks the box indicating that he is presently employed, but he fails to answer the question regarding his gross monthly wages. In question 3, Plaintiff checks the box indicating that he receives additional income from a business, profession, or other self-employment. Plaintiff describes this source of income as "driver, sporadic self-employment," but he does not provide the amount of money he receives from this source of income. In question 4, Plaintiff indicates that he has "around 30K" in cash or in a checking or savings account, but that he "owes to IRS about 35K in taxes." In question 5, Plaintiff indicates that he owns "various vehicles." In question 8, Plaintiff lists his financial obligations as "student loans around $60,000" and "IRS $35,000."

        Because it appears that Plaintiff has sufficient assets to pay the filing fees, within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees or submit an amended

IFP application that makes clear that he does not have sufficient assets to pay the fees. Plaintiff must answer the questions as they pertain to his current financial situation. If Plaintiff submits the amended IFP application, it should be labeled with docket number 21-CV-5628 (LTS), and address the deficiencies indicated above by providing facts to establish that he is unable to pay the filing fees. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 16, 2021
         New York, New York

                                          /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                            Chief United States District Judge